**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **PAULA BROCK,** § | | |
| Plaintiff, § | | |
| § | | |
| V. § | CIVIL ACTION NO.: 6:21-cv-00709 | |
| § | | |
| § | JURY | |
| **NATIONAL RAILROAD PASSENGER** § | | |
| **CORPORATION d/b/a AMTRAK,** § | | |
| Defendant. § | | |

## APPENDIX TO DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S NOTICE OF REMOVAL

Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"), submits the following documents in its Appendix to its Notice of Removal:

1. Civil Cover Sheet, dated July 7, 2021;

2. Citation, Amtrak served on June 10, 2021;

3. Plaintiff's Original Petition, filed on June 7, 2021;

4. Original Answer of Defendant National Railroad Passenger Corporation d/b/a Amtrak, filed June 29, 2021, with proof of service on Plaintiffs' counsel; and

5. Docket Sheet, Bell County District Clerk.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Paula Brock, Plaintiff

**DEFENDANTS**
National Railroad Passenger Corporation, dba "Amtrak"

**(b)** County of Residence of First Listed Plaintiff: Bell County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ___
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Abraham C. Bloomenstiel, Law Office of Joel M. Vechhio, P.C., 101 E. Park Blvd. Plano, TX. 75075, Ph: 972-380-4444. Fax: 972-380-4446

Attorneys *(If Known)*
Meggan S. Crow and Robert B. Burns, Jr., Burns, Anderson, Jury, & Brenner, LLP, 4807 Spicewood Springs Rd. Bldg 4, Austin, TX. 78759

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1441

Brief description of cause:
Removal of State court action in which Plaintiff alleges Defendant's negligence caused injury to Plaintiff

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** ___

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE ___    DOCKET NUMBER ___

DATE: 07-08-21

SIGNATURE OF ATTORNEY OF RECORD: *[signature]* Robert B Burns

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

# APPENDIX 1



JOANNA STATON
District Clerk
BELL COUNTY, TEXAS
BELL COUNTY JUSTICE COMPLEX
1201 Huey Road • P. O. Box 909 • Belton, Texas 76513

CERTIFIED MAIL

AUSTIN TX 787
10 JUN 2021 PM 4 L

U.S. POSTAGE >> PITNEY BOWES
ZIP 76513 $ 007.16⁰
02 1W
0001390157 JUN 10. 2021

7020 0090 0000 7350 3909

7020 0090 0000 7350 3909
325280 CICM/KDS
NATIONAL RAILROAD PASSENGER CORPORATION
ELEANOR D. ACHESON
CHIEF LEGAL OFFICER, GENERAL COUNSEL,
& CORPORATE SECRETARY
1 MASSACHUSETTS AVE, NW
WASHINGTON, DC 20001

20001-140075

**APPENDIX 2-1**

server: CERTIFIED MAIL

# THE STATE OF TEXAS
## CITATION BY MAIL
### Cause No. 21DCV325280



To:

National Railroad Passenger Corporation, D/B/A AMTRAK
Eleanor D. Acheson
CHIEF LEGAL OFFICER, GENERAL COUNSEL & CORPORATE SECRETARY
1 Massachusetts Ave NW
Washington DC 20001

**Defendant,** in the hereinafter styled and numbered cause:
You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before 10:00 a.m. on the first Monday following the expiration of twenty (20) days from the date of service hereof, with the clerk of the **169th Judicial District Court**, Bell County, Texas, to be held at the Bell County Justice Complex Building, District Courts in Belton, Texas, a copy of which accompanies this citation, in cause number **21DCV325280**, styled

**Paula Brock VS. National Railroad Passenger Corporation, D/B/A AMTRAK**

filed in the said court on **June 07, 2021.**

This was issued at the request of attorney: **ABRAHAM BLOOMENSTIEL 101 E PARK BLVD PLANO TX 75074.**

**NOTICE TO Defendant:** *You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 AM on the first Monday following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.*

Witness, Joanna Staton, District Clerk of Bell County, Texas.

Issued and given under my hand and seal of said Court at office in Belton, Texas, on June 10, 2021.

**Joanna Staton, District Clerk**
Bell County, Texas
1201 West Huey Road
P.O. Box 909
Belton, Texas 76513

By: _K. Simmons_ Deputy Clerk

### CERTIFICATE OF DELIVERED BY MAIL

I certify that on **6/10/2021** at 3:30 p.m., I mailed by United States Postal Service in postage prepaid envelopes, sent by certified mail, return receipt requested, true copies of the foregoing citation along with a copy of the **PLAINTIFF'S ORIGINAL PETITION** attached to each such citation, all in accordance with the District Clerk standard mailing procedures, and property addressed to following person and address:

By: _K. Simmons_ Deputy Clerk

**APPENDIX 2-2**

# RETURN OF CITATION BY CERTIFIED MAIL

Cause No. **21DCV325280**

**Paula Brock**
**VS**
**National Railroad Passenger Corporation, D/B/A AMTRAK**

IN THE
**169th Judicial District Court**
**BELL COUNTY, TEXAS**

**ADDRESS FOR SERVICE:**
**National Railroad Passenger Corporation, D/B/A AMTRAK**
**Eleanor D. Acheson**
**CHIEF LEGAL OFFICER, GENERAL COUNSEL & CORPORATE SECRETARY**
**1 Massachusetts Ave NW**
**Washington DC  20001**

Came to hand on June 10, 2021, and executed by mailing to **National Railroad Passenger Corporation, D/B/A AMTRAK** by certified mail, return receipt requested with restricted delivery, a true copy of this citation together with an attached copy of **PLAINTIFF'S ORIGINAL PETITION** to the above address.

Service upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto.

signed by _____ and dated _____

This citation was not executed for the following reason: _____.

To certify which witness my hand officially

**Joanna Staton, District Clerk**
Bell County, Texas
1201 Huey Road
P.O. Box 909
Belton, Texas 76513

By: _____ Deputy Clerk
         K. Simmons

**ATTACH RETURN RECEIPT(S) WITH ADDRESSEE'S
SIGNATURES UNLESS DELIVERY UNSUCCESSFUL**

**APPENDIX 2-3**

Filed 6/7/2021 2:03 PM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy



NO. 21DCV325280

| | | |
|---|---|---|
| **PAULA BROCK** <br> **Plaintiff,** | § <br> § <br> § | **IN THE DISTRICT COURT** |
| **V.** | § <br> § | _____169TH_____ **JUDICIAL DISTRICT** |
| **NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK** <br> **Defendant.** | § <br> § <br> § <br> § | **OF BELL COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES PAULA BROCK, hereinafter called Plaintiff, complaining of and about NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK, hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, Paula Brock, is an Individual whose address is 6245 Morningstar Dr., The Colony, Texas 75056.

3. The last three numbers of Paula Brock's driver's license number are 645. The last three numbers of Paula Brock's social security number are 574.

4. Defendant National Railroad Passenger Corporation, D/B/A AMTRAK, a Nonresident Corporation and a common carrier, may be served by and through its attorney, Eleanor D. Acheson, Chief Legal Officer, General Counsel & Corporate Secretary for National Railroad Passenger Corporation, D/B/A AMTRAK, who has agreed to accept service at 1 Massachusetts Avenue, NW, Washington, DC 20001. Service of said Defendant as described

above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

7. This court has jurisdiction over Defendant National Railroad Passenger Corporation, D/B/A AMTRAK, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over National Railroad Passenger Corporation, D/B/A AMTRAK will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Plaintiff would further show that Defendant National Railroad Passenger Corporation, D/B/A AMTRAK had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

9. Furthermore, Plaintiff would show that Defendant National Railroad Passenger Corporation, D/B/A AMTRAK engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

10. Venue in Bell County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

11. At all times material hereto, Defendant National Railroad Passenger Corporation,

D/B/A AMTRAK was the possessor in control, owner, and operator of the passenger train car in which the incident made basis of this suit occurred.

12. Paula Brock entered Defendant's train car for the purpose of travel. She entered on the said train car of Defendant at the invitation of Defendant to engage in the act of travel.

13. During the time that Paula Brock was upon Defendant's property, Paula Brock was seriously injured as a result of a dangerous condition, to wit, that the stairs for disembarking from the train car were not maintained in a reasonably safe condition to allow safe ingress and egress from the passenger car. The stairs were warped and did not provide stable footing for Plaintiff as she descended from the passenger car.

14. Paula Brock's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

### LIABILITY OF DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK

15. On or about August 8, 2019 and at all times mentioned herein, Defendant National Railroad Passenger Corporation, D/B/A AMTRAK was the possessor of the property in question and either owned, occupied or maintained the passenger train car in which the incident made basis of this suit occurred.

16. At all times mentioned herein, Defendant National Railroad Passenger Corporation, D/B/A AMTRAK had such control over the premises in question that Defendant National Railroad Passenger Corporation, D/B/A AMTRAK owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

17. Furthermore, Defendant National Railroad Passenger Corporation, D/B/A AMTRAK, as a common carrier, owed Plaintiff a heightened standard of care, having had the

**APPENDIX 3-3**

duty to act as a very cautious, competent, and prudent person would act under the same or similar circumstances.

18.     Defendant National Railroad Passenger Corporation, D/B/A AMTRAK, Defendant's agents, servants, and employees negligently permitted the condition of the stairs to deteriorate so that they became uneven and bent or, in the alternative, unstable as to be unable to bear Plaintiff's weight. Defendant, Defendant's agents, servants, and employees negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the stairs. This condition existed despite the fact that Defendant National Railroad Passenger Corporation, D/B/A AMTRAK or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

19.     Furthermore, Plaintiff would show the court that the condition of the stairs had continued for such period that, had Defendant National Railroad Passenger Corporation, D/B/A AMTRAK or Defendant's agents exercised ordinary care in the maintenance of the stairs, it would have been noticed and corrected by such persons.

20.     At all times pertinent herein, Defendant National Railroad Passenger Corporation, D/B/A AMTRAK, and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

      A.    Failing to properly inspect and maintain the stairs in question to discover the dangerous condition;

      B.    Failing to maintain the stairs in a reasonably safe condition;

      C.    Failing to give warnings to Plaintiff of the unsafe condition of the stairs; and

      D.    Failing to discover and remedy the defective stairs within a reasonable time.

## PROXIMATE CAUSE

21.   Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF, PAULA BROCK

22.   As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Paula Brock was caused to suffer severe bodily injuries, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

23.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Paula Brock has incurred the following damages:

   A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Paula Brock for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bell County, Texas;

   B.   Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   C.   Physical pain and suffering in the past;

   D.   Mental anguish in the past;

   E.   Physical pain and suffering in the future;

   F.   Mental anguish in the future;

   G.   Physical impairment in the past;

   H.   Physical impairment which, in all reasonable probability, will be suffered in the future;

   I.   Disfigurement in the past; and

    J.      Disfigurement in the future.

24.    By reason of the above, Plaintiff, Paula Brock has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Paula Brock, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICE OF JOEL M. VECCHIO, P.C.

By: _____
Abraham C. Bloomenstiel
Texas Bar No. 24106962
Email: abe@jmvecchio.com
101 E. Park Blvd
PLANO, TX 75074
Tel. (972) 380-4444
Fax. (972) 380-4446
Attorney for Plaintiff
Paula Brock

**APPENDIX 3-6**

CAUSE NO: 21DCV325280

| | | |
|---|---|---|
| PAULA BROCK<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 169TH JUDICIAL DISTRICT |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION, D/B/A AMTRAK<br>Defendant. | §<br>§<br>§ | OF BELL COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES National Railroad Passenger Corporation, d/b/a Amtrak, Defendant in the above entitled and numbered cause, and files this, its Original Answer replying to Plaintiff's Original Petition, and for same would show unto the Court the following:

### I.
### General Denial

1.01    National Railroad Passenger Corporation, d/b/a Amtrak hereby invokes Rule 92 of the Texas Rules of Civil Procedure, and in accordance therewith, denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence.

### II.
### Affirmative Defenses

2.01    National Railroad Passenger Corporation, d/b/a Amtrak, still urging and relying on matters hereinabove alleged, further alleges by way of affirmative defense, that immediately prior to and at the time of the accident in question, Paula Brock committed certain acts and/or omissions which were negligent and a proximate cause or the sole proximate cause of the accident and of the injuries and damages resulting therefrom.

2.02    National Railroad Passenger Corporation, d/b/a Amtrak, still urging and relying on the matters hereinabove alleged, further alleges by way of affirmative defense that the Plaintiff failed to mitigate her damages.

39187; D Original Answer

169TH DISTRICT COURT
BELL COUNTY, TEXAS
FWD TO CC 06/30/21 MW

6/30/2021

Page 1

APPENDIX 4-1

2.03   For further answer herein, if same be required, and in the alternative, Defendant says that in no event was it guilty of negligence causing said accident, and says that if same was not caused by negligence on the part of the Plaintiff, then said accident is what is known in law as an unavoidable accident.

2.04   Defendant would further show that Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or facts, including events occurring prior or subsequent to the occurrence made the basis of Plaintiff's claim against Defendant.

2.06   In the alternative, and without waiving the foregoing, Defendant affirmatively asserts that Plaintiff's recovery of medical or health care expenses (however incurred) must be limited to the amount actually paid or incurred by or on behalf of Plaintiff.  *See* TEX. CIV. PRAC. & REM. CODE § 41.0105.

2.07   In the alternative, and without waiving the foregoing, Defendant requests that, if at the time of submission, Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., the Court, in accordance with the statutory requirements imposed by TEX. CIV. PRAC. & REM. CODE §18.091, require that evidence to prove the loss be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax.

### III.
### Jury Demand

3.01   Defendant respectfully requests a trial by jury.

### PRAYER

WHEREFORE, Defendant prays that the Plaintiff, Paula Brock, recover nothing from Defendant by way of this suit, and that Defendant be allowed to go hence with its costs without day, and have such other and further relief to which Defendant may show itself to be entitled in the premises.

# APPENDIX 4-2

Respectfully submitted,

BURNS ANDERSON JURY & BRENNER, L.L.P.
P.O. Box 26300
Austin, TX 78755-0300
(512) 338-5322 (telephone)
(512) 338-5363 (facsimile)

_____
Robert B. Burns, Jr.
State Bar No. 03450400
bburns@bajb.com
Meggan Shel Crow
State Bar No. 24037860
mcrow@bajb.com

**ATTORNEYS FOR DEFENDANT,
NATIONAL RAILROAD PASSENGER
CORPORATION, D/B/A AMTRAK**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been forwarded this  29th  day of June 2021 in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure to the following:

**VIA E-SERVICE:  abe@jmvecchio.com**
Abraham C. Bloomenstiel
LAW OFFICE OF JOEL M. VECCHIO, P.C.
101 East Park Boulevard
Plano, TX 75074

_____
Robert B. Burns, Jr.

**APPENDIX 4-3**

Print this page

# Case # 21DCV325280 - Paula Brock VS. National Railroad Passenger Corporation, D/B/A AMTRAK (Adams, Gordon G)

**Case Information**

| | |
|---|---|
| Location | Bell County - 169th District Court |
| Date Filed | 6/29/2021 12:34 PM |
| Case Number | 21DCV325280 |
| Case Description | Paula Brock VS. National Railroad Passenger Corporation, D/B/A AMTRAK |
| Assigned to Judge | Adams, Gordon G |
| Attorney | Robert Burns |
| Firm Name | Burns Anderson Jury & Brenner, LLP |
| Filed By | Martha Mabry |
| Filer Type | Not Applicable |

**Fees**

| | |
|---|---|
| Convenience Fee | $1.16 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $40.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $41.16 |

**Payment**

| | |
|---|---|
| Account Name | BAJB MC 2021 |
| Transaction Amount | $41.16 |
| Transaction Response | Approved |
| Transaction ID | 80976071 |
| Order # | 054885461-0 |

**Answer**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Answer |
| Motion Code | |
| Filing Description | DEFENDANT'S ORIGINAL ANSWER BY BURNS JR AAC SAW |

**APPENDIX 4-4**

| | |
|---|---|
| Reference Number | 007.39187 |
| Comments | |
| Status | Accepted |
| Accepted Date | 7/7/2021 10:49 AM |

**Fees**

| | |
|---|---|
| Court Fee | $40.00 |
| Service Fee | $0.00 |

| | |
|---|---|
| Optional Services | |
| Jury Fee | $40.00 |

**Documents**

| | | | |
|---|---|---|---|
| *Lead Document* | D Original Answer-Signed by RBB.PDF | [Original] | [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Abraham Bloomenstiel abe@jmvecchio.com | | EServe | Sent | Yes | 6/29/2021 1:07 PM |
| Robert B Burns bburns@bajb.com | Burns Anderson Jury & Brenner, LLP | EServe | Sent | Yes | Not Opened |
| Dee Ann Davis dadavis@bajb.com | Burns Anderson Jury & Brenner, LLP | EServe | Sent | Yes | Not Opened |
| Meggan Crow mcrow@bajb.com | Burns Anderson Jury & Brenner, LLP | EServe | Sent | Yes | Not Opened |

**APPENDIX 4-5**

# Case Information

21DCV325280 | Paula Brock VS. National Railroad Passenger Corporation, D/B/A AMTRAK

Case Number
21DCV325280

Court
169th Judicial District Court

Judicial Officer
Adams, Gordon G

File Date
06/07/2021

Case Type
Injury/Damage: Other Injury or Damage

Case Status
Active

# Party

Plaintiff
Brock, Paula
Active Attorneys
Lead Attorney
BLOOMENSTIEL, ABRAHAM
Retained

---

Defendant
National Railroad Passenger Corporation, D/B/A AMTRAK
Active Attorneys
Attorney
CROW, MEGGAN S
Retained

---

Lead Attorney
BURNS, ROBERT B., JR
Retained

---

# Events and Hearings

- 06/07/2021 New Case Filed (OCA)

- 06/07/2021 Petition (e-File)
  Comment
  Plaintiff's Original Petition

- 06/08/2021 Request for Service
  Comment
  REQUEST FOR SERVICE

- 06/10/2021 Clerk's Copy
  Comment
  OF CICM ON NATIONAL RAILROAD - CERTIFIED MAIL

- 06/10/2021 Citation - Certified Mail
  Served
  06/18/2021
  Anticipated Server
  Other Server
  Anticipated Method
  Certified Mail
  Actual Server
  Other Server
  Returned
  06/22/2021

- 06/22/2021 Served Service
  Comment
  SERVED CICM ON NATIONAL RAILROAD - SIGNED BY JEFF EARHART ON 06.18.2021

- 06/29/2021 Answer
  Comment
  DEFENDANT'S ORIGINAL ANSWER BY BURNS JR AAC SAW

**APPENDIX 5-2**